


**DISTRICT COURT**
**FILED**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY   OCT 11 2019
STATE OF OKLAHOMA

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

ANTHONY CLARENCE DESMET, )
individually, )
 )
    Plaintiff, ) Case No. CJ-2019-04004
 )
vs. )
 ) Linda Morrissey
CSAA INSURANCE EXCHANGE and CSAA )
GENERAL INSURANCE COMPANY d/b/a )
AAA INSURANCE COMPANY, )
 )
    Defendants. )

## PETITION

    Plaintiff, Anthony Clarence DeSmet, by and through his attorney of record, for his cause of action against Defendants CSAA Insurance Exchange and CSAA General Insurance Company, d/b/a AAA Insurance Company, alleges and states as follows:

### JURISDICTION AND VENUE

    1. Plaintiff Anthony Clarence DeSmet ("**Plaintiff**") is a resident of Tulsa County, State of Oklahoma.

    2. CSAA Insurance Exchange is an unincorporated association that is owned by its policy holders, some of which reside in Oklahoma. CSAA Insurance Exchange, through itself or its subsidiaries, offers auto insurance throughout the United States, including Oklahoma. Plaintiff is an "AAA Select" member, with a member number of 438176-910400082-07.

    3. As an unincorporated association, CSAA Insurance Exchange is deemed to be a citizen of each state in which its members or subscribers reside. CSAA Insurance Exchange has members or subscribers in Oklahoma, and CSAA General Insurance Company d/b/a AAA Insurance Company (collectively, "**AAA**") operate and are part of a reciprocal insurance exchange,



wherein they pool and partner their businesses under a regime of control such that all of their subsidiaries and affiliated companies can be held liable for bad faith and breach of contract.

4. The events that give rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

5. Tulsa County is the proper venue pursuant to OKLA. STAT. tit. 12, §§ 137, 187.

## FACTUAL BACKGROUND

6. On March 5, 2018, in Broken Arrow, Oklahoma, Plaintiff was injured in an automobile collision that was proximately caused by William Donald Akehurst's negligent operation of a vehicle.

7. As a direct and proximate result of the collision, Plaintiff suffered bodily injuries, pain and suffering and other personal injuries and loss of value of his property.

8. At the time of the collision, Plaintiff was insured for uninsured/underinsured motorist coverage under a policy of insurance written by AAA, policy number OKSS104088747 ("**Policy**").

9. At the time of the collision, the subject insurance policy was in full force and all premiums were timely paid.

10. Plaintiff promptly submitted his UM/UIM claim to his insurer, AAA.

11. Plaintiff submitted medical records regarding past and future medical treatment and loss of income and additional expenses to AAA.

12. AAA failed to promptly and fairly investigate or evaluate Plaintiff's claim and refused to pay Plaintiff the limits of his Policy for which he has paid premiums to obtain. As a result, Plaintiff has been unable to receive necessary medical treatment, which is likely to include surgery to remove the rods and pedicle screws in Plaintiff's back.

13. As a result of the collision on March 5, 2018, Plaintiff sustained severe and permanent bodily injuries, and has incurred expenses for medical treatment, loss of revenue, increased expenses, general and special damages which greatly exceed $75,000.00.

14. Prior to this collision, Plaintiff was in good health with a normal life expectancy, but as a direct and proximate result of William Donald Akehurst's, actions, Plaintiff has sustained ascertainable damages, including general and special damages for which he is entitled to recover benefits pursuant to the Policy.

15. Plaintiff did not cause or contribute to the collision in any way whatsoever.

16. William Donald Akehurst was underinsured at the time of the collision and was operating an "uninsured motor vehicle" as that term is defined in OKLA. STAT. tit. 36, § 3636(C) ("For the purposes of this coverage the term 'uninsured motor vehicle' shall also include an insured motor vehicle, the liability limits of which are less than the amount of the claim of the person or persons making such claim, regardless of the amount of coverage of either of the parties in relation to each other.").

17. William Donald Akehurst was negligent in failing to operate his vehicle in a reasonable and prudent manner.

18. William Donald Akehurst was negligent per se.

19. Pursuant to the provisions of OKLA. STAT. tit. 12, § 3226(8)(2), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in the Oklahoma Uniform Jury Instructions (Civil) ("**OUJI**"), Instruction Nos. 22.4 (Bad Faith-Damages) and 4.1 (Personal Injuries-Adults). Under Instruction No. 4.1(K), Plaintiff's medical bills incurred to date are in excess of $161,000, and Plaintiff has lost over $26,000 in income, based on

increased expenses for work Plaintiff can no longer perform. In addition, Plaintiff will continue to incur loss of income and significant future medical treatment, which is likely to include surgery to remove the rods and pedicle screws surgically implanted into Plaintiff's back. Other than the amounts Plaintiff has specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award, Plaintiff's damages include all the elements for the jury to consider pursuant to OUJI Instruction No. 4.1 include the following:

a. Plaintiff's physical pain and suffering, past and future;

b. Plaintiff's mental pain and suffering, past and future;

c. Plaintiff's age;

d. Plaintiff's physical condition immediately before and after the accident;

e. The nature and extent of Plaintiff's injuries;

f. Whether the injuries are permanent;

g. The physical impairment;

h. The disfigurement;

i. Loss of [earning/time];

j. Impairment of earning capacity; and

k. The reasonable expenses of the necessary medical care, treatment and services past and future.

## COUNT I: BREACH OF CONTRACT

20. Plaintiff fully incorporates into this paragraph each and every allegation contained in the preceding paragraphs of this Petition as if each were fully set forth herein.

21. Plaintiff entered into a contract of insurance with AAA to provide uninsured/underinsured motorists coverage.

22. As an insured, Plaintiff is entitled to timely payment of policy benefits including, but not limited to, uninsured/underinsured motorist coverage.

23. Plaintiff has properly complied with the terms of the AAA insurance policy and has fully cooperated with AAA.

24. AAA has breached its contract with Plaintiff by failing to properly investigate or evaluate Plaintiff's claim, and by failing to timely pay the benefits he requested under his uninsured/underinsured motorist coverage.

25. As a result of AAA's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## COUNT III: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

26. Plaintiff fully incorporates into this paragraph each and every allegation contained in the preceding paragraphs of this Petition as if each were fully set forth herein.

27. AAA has acted in bad faith by refusing to pay Plaintiff's uninsured/underinsured motorist coverage when there is no justifiable reason to withhold the benefits.

28. AAA has acted in bad faith by untimely paying uninsured/underinsured benefits when there was no justifiable reason to withhold benefits.

29. AAA has a duty to deal fairly and in good faith with Plaintiff.

30. AAA unreasonably failed to deal fairly with its own insured, breaching its duty to deal fairly by failing to timely, properly, fully and reasonably investigate the facts of the collision and reasonably evaluate and pay Plaintiff's claim.

31. As a result of AAA's failure to deal fairly and in good faith, Plaintiff suffered damages, including but not limited to mental anguish and emotional distress.

32. The actions of AAA during the handling of Plaintiff's claim demonstrates it intentionally, and with malice, breached its duty to deal fairly and in good faith. The actions of AAA were intentional, malicious, and consistent with the overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims. Plaintiff, therefore, seeks punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against each Defendant individually in an amount in excess of $75,000.00; for compensatory and punitive damages, together with attorneys' fees, pre-judgment and post-judgment interest, costs of this action, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**WILBURN, MASTERSON & HAMPTON**

By _____
MICHAEL J. MASTERSON, OBA #5769
2421 E. Skelly Dr.
Tulsa, OK 74105-6006
(918) 494-0414
FAX: (918) 493-3455
E-Mail: mike.masterson@wilburnmasterson.com
Attorney for Plaintiff