# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY CLARENCE DESMET, individually, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 19-CV-0624-CVE-JFJ ) |
| CSAA INSURANCE EXCHANGE, and CSAA GENERAL INSURANCE COMPANY, d/b/a AAA INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff Anthony Clarence DeSmet's motion to remand (Dkt. # 13). Plaintiff asks the Court to remand his case to state court, arguing that the parties are not completely diverse. Defendants state in their notice of removal that there is complete diversity, and that plaintiff fraudulently joined defendant CSAA Insurance Exchange to defeat diversity (Dkt. # 2).

**I.**

Plaintiff alleges that on March 5, 2018, he was injured in an automobile collision that was proximately caused by William Donald Akehurst's negligence. Dkt. # 2-2, at 2. Plaintiff alleges that, at the time of the collision, he had uninsured/underinsured motorist coverage under a policy written by defendant CSAA General Insurance Company, d/b/a AAA Insurance Company (AAA Insurance), policy number OKSS104088747 (Policy). Id. Plaintiff filed his lawsuit in state court against defendants, alleging breach of contract and breach of the duty of good faith and fair dealing. Id. at 4-6. Plaintiff argues that, although he submitted his claim to AAA Insurance, AAA Insurance

"failed to promptly and fairly investigate or evaluate Plaintiff's claim and refused to pay Plaintiff the limits of his Policy for which he has paid premiums to obtain." Id. at 2. On November 18, 2019, defendants filed a notice of removal to this Court from the Tulsa County District Court. Dkt. # 2. Plaintiff filed a motion to remand, arguing that the CSAA Insurance Exchange is nondiverse and the Court lacks jurisdiction. Dkt. # 13.

Plaintiff is a citizen of Oklahoma. Dkt. # 2-2, at 1. AAA Insurance is a citizen of Indiana and California. Dkt. # 2, at 2. Defendant CSAA Insurance Exchange is an unincorporated, reciprocal insurance exchange based in California. Id. As courts have held, "[a] reciprocal insurance exchange is essentially an insurance company cooperatively owned by those it insures." True v. Robles, 571 F.3d 412, 414 (5th Cir. 2009). "Through such an entity, members 'undertake to indemnify each other against certain kinds of losses by means of a mutual exchange of insurance contracts, usually through the medium of a common attorney-in-fact appointed for that purpose by each of the underwriters . . . .'" Id. (quoting 43 Am. Jur. 2d Insurance § 81 (2008)). However, certain exchanges issue "nonassessable policies, under which subscribers ha[ve] no contingent liability for claims, expenses, or losses of the exchange." Id.

The Rules and Regulations of the Insurance Board of CSAA Insurance Exchange (Rules) includes a right to sue and be sued clause. Dkt. # 13-3, at 6. The Rules also includes an indemnification clause. Id. at 13. AAA Insurance is a subscriber/member of CSAA Insurance Exchange. Dkt. # 13-4. The Subscriber Agreement (Agreement) between AAA Insurance and CSAA Insurance Exchange includes an indemnification clause. Id. Plaintiff entered into an insurance agreement with AAA Insurance, and argues that he is also a member of CSAA Insurance Exchange. See Dkt. # 13-5; Dkt. # 13, at 21.

2

## II.

A diverse defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, actions founded on diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Under 28 U.S.C. § 1447(c), "[if] at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Federal courts are courts of limited jurisdiction, and there is a presumption against removal. U.S. ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999). The party opposing remand is required to show jurisdiction by a preponderance of the evidence. Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir. 2003). But a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). "[I]n order to prove fraudulent joinder, [d]efendants must show that [p]laintiff[] either (1) committed outright fraud in pleading the jurisdictional facts, or (2) have no possibility of recovery against the non-diverse [d]efendants." Slover v. Equitable Variable Life Ins. Co., 443 F.Supp.2d 1272, 1276 (N.D. Okla. 2006) (citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 n.2 (5th Cir. 1992)). To prove fraudulent joinder, the defendant has the burden to "demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." Hart v. Bayer Corp. 199 F.3d 239, 246 (5th Cir. 2000). "When a defendant raises specific allegations of

3

fraudulent joinder, the court may pierce the pleadings to evaluate the defendant's argument." Von Downum v. Synthes, 908 F.Supp.2d 1179, 1182 (N.D. Okla. 2012) (citing Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 881-82 (10th Cir. 1967)). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart, 199 F.2d at 246 (quoting B., Inc. V. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). However, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

### III.

For purposes of plaintiff's motion, the Court assumes without deciding that CSAA Insurance Exchange is nondiverse, because it may have subscribers in Oklahoma. See McDonald v. CSAA Ins. Exchange, 2017 WL 887108, at *1 (W.D. Okla. March 6, 2017) (granting plaintiff's motion to remand because defendant had not met its high burden of showing that CSAA Insurance Exchange had no Oklahoma members). However, the Court finds that the case should not be remanded to state court because plaintiff "ha[s] no possibility of recovery against the non-diverse [d]efendant[]," which is CSAA Insurance Exchange. Slover, 443 F.Supp.2d at 1276.

Plaintiff asserts two claims for relief against AAA Insurance in his state court petition: (1) breach of contract and (2) breach of the duty of good faith and fair dealing. Dkt. # 2-2, at 4-6. To assert these claims against CSAA Insurance Exchange, plaintiff would be required to prove that CSAA Insurance Exchange is a party to his Policy. See Miller v. BCG Healthcare Investments LLC, 2012 WL 12863169, at *1 (W.D. Okla. Sept. 11, 2012) ("Ordinarily, a person or entity not a party to a contract cannot breach that contract."); see also Badillo v. Mid Century Ins. Co., 121 P.3d 1080,

4

1115 at n.9 (Okla. 2005) ("The tort [of bad faith] does not inure to the benefit of one who is not a party to the contract."); Hensley v. State Farm Fire and Cas. Co., 398 P.3d 11, 18 (Okla. 2017) ("[T]his duty was not extended to an individual who was not a party to the contract, and non-insurer defendants did not possess this duty: an action based on the duty to deal fairly and act in good faith will not lie against a stranger to the contract."); see also Lopez v. Farmers Ins. Co., Inc., 2011 WL 1807158, at *4 (W.D. Okla. May 6, 2011) (holding that an insurance exchange did not breach a contract to which it was not a party). The Court can find no language in the Policy suggesting that CSAA Insurance Exchange is a party to the Policy.[1] Further, the references to the Agreement (between AAA Insurance and CSAA Insurance Exchange) in the state court petition and supporting exhibits show only that AAA Insurance is a member of the exchange, not plaintiff.[2] See Dkt. ## 2-2, at 2; 2-9; 13-5; 13-7. Therefore, CSAA Insurance Exchange cannot be liable for breach of contract or breach of the duty of good faith and fair dealing under plaintiff's Policy.[3] Accordingly, the Court finds that CSAA Insurance Exchange was fraudulently joined, and plaintiff's motion to remand (Dkt. # 13) should be denied.

---

[1] Oklahoma courts have held that insurance exchanges are not parties to an insurance contract when the language of the contract shows otherwise. See, e.g., Cloud v. Illinois Ins. Exchange, 701 F.Supp. 197, 200-01 (W.D. Okla. Dec. 2, 1988).

[2] Additionally, although plaintiff alluded to "affiliated company liability" in his petition (Dkt. # 2-2, at 1-2), plaintiff has not argued or shown that AAA Insurance is unable to meet its obligations under the Policy.

[3] Plaintiff argues that Tran v. Farmers Group, Inc., 104 Cal. App. 4th 1202 (Cal. Ct. App. 2002) is applicable to this case because, in that case, the Court found that the attorney-in-fact of the exchange involved in that case assisted in issuing to the contract. Dkt. # 13, at 24. In addition to that case not being precedential, plaintiff has not shown that the attorney-in-fact of CSAA Insurance Exchange helped issue the Policy.

**IT IS THEREFORE ORDERED** that plaintiff Anthony Clarence DeSmet's motion to remand (Dkt. # 13) is **denied**.

**IT IS FURTHER ORDERED** that defendant CSAA Insurance Exchange is **dismissed** from this lawsuit.

**IT IS FURTHER ORDERED** that plaintiff Anthony Clarence DeSmet's motion to stay discovery pending ruling on plaintiff's motion to remand (Dkt. # 15) is **moot**.

**DATED** this 27th day of December, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE